RECEIVED
IN ALEXANDRIA, LA
FEB 22 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SHEILA SULLIVAN** | : | **DOCKET NO. 05-0357** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **R.L. BROWNLEE, ACTING SECRETARY, DEPARTMENT OF THE ARMY** | : | **MAGISTRATE JUDGE WILSON** |

### MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss and Motion For Summary Judgment" (doc. #15) filed by defendant, Francis J. Harvey, in his official capacity as Secretary of the Army ("Army"). Movant seeks judgment in his favor and dismissal of plaintiff, Sheila Sullivan's, claims pursuant to Federal Rule of Civil Procedure 56. On January 23, 2007, Ms. Sullivan requested an extension of time in which to file her response to the instant motion. The Court granted her request and ordered that she file her response no later than February 4, 2007. On February 7, 2007, the Court received a letter from Ms. Sullivan indicating that she was unable to respond to the Army's motion. While the Court is cognizant of the fact that Ms. Sullivan is a *pro se* plaintiff, the Army also has a right to have this matter adjudicated promptly. Accordingly, the motion will be considered without further delay.

### FACTUAL STATEMENT

Ms. Sullivan makes the following allegations in her "Complaint under Section 706(f) of Civil Rights Act of 1964": Ms. Sullivan was employed as a civilian by the Department of the Army from March 1982 until June 2003. She initially contacted the Equal Employment Opportunity

Commission ("EEOC") as to her performance counseling, training, overtime awards and adverse treatment.[1] Consequently, Ms. Sullivan participated in a failed mediation attempt and then filed a formal complaint with the EEOC. Ms. Sullivan complains of charges being made against her in November 1998 by the Army for failure to obey an order and engaging in a verbal altercation which led to a letter of reprimand and a one day suspension. Ms. Sullivan again filed a formal complaint with the EEOC.

In February 1999, Ms. Sullivan was charged with disrupting a morning meeting, harassing a co-worker and laughing. Ms. Sullivan states that she was handed a proposal for a one week suspension for the aforementioned acts of misconduct. The suspension took place in April 1999. Ms. Sullivan filed a third complaint with the EEOC. In June 1999, Ms. Sullivan was dropped from a consistent level one rating to a level four rating. In August 1999, after a hearing, the Office of Complaint Investigation ("OCI") made a "NO FINDING DETERMINATION"[2] on the first two complaints.

In March 2000, after a hearing, the OCI found a discriminatory basis involving the third complaint. As a result, "the agency voluntarily withdrew the second suspension and changed the appraisal to a level one, but we were unable to reach an agreement on settlement."[3] In August 2002, another hearing took place before the EEOC on all of the aforementioned charges. The Commission found in favor of the Agency (Army). Ms. Sullivan, who was represented by counsel, filed an appeal in March 2003 with the Office of Federal Operations ("OFO"). The appeal was denied.

---

[1] Complaint, pp. 1 and 3.

[2] Complaint, p. 3, ¶ A.

[3] *Id.*

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[5] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[6] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[7] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[8] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[9] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-

---

[4] Fed. R.Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[6] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[7] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[8] *Anderson*, 477 U.S. at 249.

[9] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

moving party.[10] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[11]

## LAW AND ANALYSIS

Ms. Sullivan alleges sexual discrimination and reprisal when she was denied attendance for training, denied overtime, denied a performance award, subject to rude and disrespectful treatment by a supervisor, issued a letter of reprimand, received a one day suspension, suspended from work from April 20 through April 23, 1999, and rated less favorably.

*Gender Discrimination*

The Army maintains that the gender discrimination claims should be dismissed because Ms. Sullivan cannot establish a *prima facie* case, nor can she prove facts consistent with the allegations in the complaint which would entitle her to relief. The Army further maintains that Ms. Sullivan's claims should be dismissed because the Army can articulate a legitimate, nondiscriminatory motive for its actions, and Ms. Sullivan cannot show that the Army's motives were a pretext for discrimination. The Army maintains that summary judgment should be granted in its favor dismissing all claims against it with prejudice.

Ms. Sullivan has filed the instant sex discrimination claim pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* To prove a claim of gender discrimination, Ms. Sullivan must establish the following elements; (1) that she is a member of a protected class, (2) that she was qualified for the position, and (3) that she suffered an adverse employment action, and (4) either that she was replaced by someone not in the protected class or

---

[10] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[11] *Anderson*, 477 U.S. at 249-50.

others similarly situated were treated more favorably.[12] The plaintiff must show that the employer made an ultimate employment decision and establish that the plaintiff has suffered an adverse employment action. A tangible employment action is one which "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."[13]

The Army maintains that the majority of Ms. Sullivan's allegations do not involve an adverse employment action. The Fifth Circuit has determined that activities that are not ultimate employment decisions include reprimands, formal discipline, rude treatment by the employer, criticism of work and conduct, and low evaluations that could lead to missed pay increases.[14] Activities that meet the standard of ultimate employment decisions include demotion, denials of pay increase, denials of request for paid leave, failure to promote and termination. The Court has reviewed the allegations in Ms. Sullivan's complaint and concludes that even taking the allegations as true, they do not rise to the level of an ultimate employment decision. Hence, Ms. Sullivan cannot establish a *prima facie* case.

Additionally, Ms. Sullivan cannot establish that the Army treated others who were similarly situated more favorably. For example, Ms. Sullivan complains that she was denied overtime because of her gender. However, she testified that another female co-worker, Brenda Petty, was allowed to work overtime on the same dates she was denied overtime. Ms. Sullivan complains that she was

---

[12] *Okoye v. Univ. Of Texas Houston Health Sciences Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

[13] *Industries v. Ellerth*, 524 U.S. 742 (1998).

[14] *Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 531 (5th Cir. 2003).

discriminated against when a supervisor spoke rudely to her when he told her and other co-workers not to go "joyriding" in a blue electric cart. The co-workers included Mr. Carpenter, Charles Kay, George Williamson and William Stuart. The Court is confused as to how this allegedly rude statement could in any way be discriminatory towards Ms. Sullivan given the fact that the statement was made to both men and women. Again, Ms. Sullivan cannot establish a *prima facie* case of gender discrimination. Because the Court concludes that Ms. Sullivan cannot establish an essential element of her claim, we find it unnecessary to address whether or not the Army had legitimate and nondiscriminatory reasons for its actions.

*Reprisal*

The Army maintains that Ms. Sullivan cannot show that the agency's proffered reasons for any disciplinary actions taken against her were a pretext for retaliation. "To maintain a *primae facie* case of reprisal (or retaliation), a plaintiff must establish that : (1) she engaged in a protected activity, (2) an adverse employment action occurred, (3) a causal connection existed between the participation in the activity and the adverse employment action.[15] The Army concedes that Ms. Sullivan can meet the low burden of showing a *prima facie* case of reprisal.

However, the retaliation claim is subject to the burden-shifting analysis expounded in *McDonnell Douglas Corp. v. Green*.[16] Thus, the burden shifts to the defendant to produce a legitimate, non-retaliatory reason for the adverse employment action.[17] If the defendant meets this burden, then the plaintiff must adduce sufficient evidence that would permit a reasonable trier of fact

---

[15] *Walker v. Glasfloss Indus.*, 214 F.3d 615, 628 (5th Cir. 2000).

[16] 411 U.S. 792, 93 S.Ct. 1817 (1973).

[17] *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998).

to find that the proffered reason is pretext for retaliation.[18] The ultimate issue in a retaliation case remains whether the protected conduct was a "but for" cause of the adverse employment decision.[19]

The Army maintains that it had legitimate nondiscriminatory reasons for the disciplinary actions taken against Ms. Sullivan. The Army took the following disciplinary actions against Ms. Sullivan: (1) issued a Letter of Reprimand on December 18, 1998 for insubordination, (2) issued Ms. Sullivan a one day suspension on March 9, 1999 for engaging in a verbal altercation with a co-worker and for using inappropriate language, (3) suspension from April 20-23, 1999 for continuing to disrupt a regular morning meeting on February 17, 1999, harassing a fellow co-worker on February 23, and 24, 1999, and creating a disturbance at the workplace, (4) and issuing a "fair" rating on Ms. Sullivan's 1998/1999 performance appraisal because her behavior was nonproductive and disruptive to her work environment.[20]

The Court has reviewed the evidence submitted by the Army and concludes that it had legitimate nondiscriminatory reasons for the disciplinary actions it took against Ms. Sullivan. Ms. Sullivan has failed to meet her burden of proving that such actions were pretext for retaliation. Accordingly, the claims for reprisal/retaliation will be dismissed.

## CONCLUSION

Based on the foregoing, because the plaintiff, Sheila J. Sullivan, cannot establish a *prima facie* case of discrimination, and failed to meet her burden of proving that the Army's disciplinary

---

[18] *Id.*

[19] *McDaniel v. Temple Indep. Sch. Dist.*, 770 F.2d 1340, 1346 (5th Cir. 1985).

[20] A "fair" rating is required by Department of the Army policy if an employee receives a "Needs Improvement" in one or more categories, such as "Working Relationships and Communications."

actions were a pretext for reprisal, the motion to dismiss the suit will be granted. The complaint will be dismissed with prejudice.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 22nd day of February, 2007.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE